JRB/LM: USAO 2025R0058

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. 25-cr-153-DLB** |
| | * | |
| **JULIO CESAR PENA MARTINEZ,** | * | **(Conspiracy to Distribute and Possess** |
| **a/k/a "BIG JULIO,"** | * | **with Intent to Distribute a Controlled** |
| | * | **Substance, 21 U.S.C. § 846;** |
| **ERICKSON ARMAS ESTRADA,** | * | **Distribution of Controlled Substances,** |
| | * | **21 U.S.C. § 841(a); Use of** |
| **JONATHAN BONILLA FUENTES,** | * | **Communication Facility to Facilitate** |
| | * | **Drug Felony, 21 U.S.C. § 843;** |
| **ISAIAH RICHARD SHARP,** | * | **Conspiracy to Commit Firearms** |
| | * | **Trafficking, 18 U.S.C. § 933(a)(3);** |
| **INMAR HERNANDEZ CARCAMO, and** | * | **Firearms Trafficking,** |
| | * | **18 U.S.C. § 933(a)(1) & (2);** |
| **YEFRY REYES LOPEZ** | * | **Forfeiture, 18 U.S.C. §§ 924(d) &** |
| | * | **934(a), 21 U.S.C. § 853,** |
| **Defendants.** | * | **28 U.S.C. § 2461(c))** |
| | * | |

*******

USDC- GREENBELT
'25 MAY 15 PM 2:33

### INDICTMENT

### COUNT ONE
**(Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance)**

The Grand Jury for the District of Maryland charges that:

1.  Between in or about January 21, 2025 and in or about April 2025, in the

District of Maryland and elsewhere, the defendants,

**JULIO CESAR PENA MARTINEZ,**
**a/k/a "BIG JULIO," and**
**ERICKSON ARMAS ESTRADA,**

did knowingly combine, conspire, confederate and agree with each other and others, known and

unknown to the Grand Jury, to distribute and possess with intent to distribute: a mixture and

substance containing a detectable amount of cocaine, a Schedule II controlled substance; a

mixture and substance containing a detectable amount of methamphetamine, a Schedule II

controlled substance; and a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a).

2.    As to **ERICKSON ARMAS ESTRADA** and **JULIO CESAR PENA MARTINEZ, a/k/a "BIG JULIO,"** the amounts involved in the conspiracy attributable to them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, was 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a) and (b)(1)(A)(viii).

3.    As to **ERICKSON ARMAS ESTRADA** and **JULIO CESAR PENA MARTINEZ, a/k/a "BIG JULIO,"** the amounts involved in the conspiracy attributable to them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, was at least 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and at least 400 grams or more containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a) and (b)(1)(A)(vi) and (viii).

4.    As to **ERICKSON ARMAS ESTRADA** and **JULIO CESAR PENA MARTINEZ, a/k/a "BIG JULIO,"** the amounts involved in the conspiracy attributable to them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, was a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a), and (b)(1)(C).

21 U.S.C. § 846

<u>**COUNT TWO**</u>
**(Distribution of a Controlled Substance)**

The Grand Jury for the District of Maryland further charges that:

On or about January 21, 2025, in the District of Maryland, the defendant,

**JULIO CESAR PENA MARTINEZ,**
**a/k/a "BIG JULIO,"**

did knowingly distribute a mixture and substance containing a detectable amount of cocaine, a

Schedule II controlled substance.

21 U.S.C. §§ 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

## COUNT THREE
### (Distribution of a Controlled Substance)

The Grand Jury for the District of Maryland further charges that:

On or about April 2, 2025, in the District of Maryland, the defendant,

**JULIO CESAR PENA MARTINEZ,**
**a/k/a "BIG JULIO,"**

did knowingly and willfully distribute and cause to be distributed 500 grams or more of a

mixture and substance containing a detectable amount of methamphetamine, a Schedule II

controlled substance.

21 U.S.C. §§ 841(a)(1) and (b)(1)(A)
18 U.S.C. § 2

## COUNT FOUR
**(Use of Any Communication Facility to Facilitate Drug Felony)**

The Grand Jury for the District of Maryland further charges that:

On or about January 21, 2025, in the District of Maryland and elsewhere, the defendant,

**JULIO CESAR PENA MARTINEZ,**
**a/k/a "BIG JULIO,"**

did knowingly and intentionally use any communication facility, to wit, a cellphone assigned a

call number ending in -4208, in committing, causing, and facilitating the commission of any act

or acts constituting a felony, to wit, conspiracy to distribute and possess with intent to distribute

a controlled substance, in violation of 21 U.S.C. § 846, as charged in Count One of this

Indictment and incorporated here.


21 U.S.C. § 843(b)
18 U.S.C. § 2

## COUNT FIVE
### (Distribution of a Controlled Substance)

The Grand Jury for the District of Maryland further charges that:

On or about January 21, 2025, in the District of Maryland, the defendant,

**ERICKSON ARMAS ESTRADA,**

did knowingly distribute a mixture and substance containing a detectable amount of cocaine, a

Schedule II controlled substance.

21 U.S.C. §§ 841(a)(1) and (b)(1)(C)

## COUNT SIX
### (Distribution of a Controlled Substance)

The Grand Jury for the District of Maryland further charges that:

On or about April 2, 2025, in the District of Maryland, the defendant,

**ERICKSON ARMAS ESTRADA,**

did knowingly distribute 500 grams or more of a mixture and substance containing a detectable

amount of methamphetamine, a Schedule II controlled substance.

21 U.S.C. §§ 841(a)(1) and (b)(1)(A)

## <u>COUNT SEVEN</u>
### (Use of Any Communication Facility to Facilitate Drug Felony)

The Grand Jury for the District of Maryland further charges that:

On or about April 2, 2025, in the District of Maryland and elsewhere, the defendant,

### ERICKSON ARMAS ESTRADA,

did knowingly and intentionally use any communication facility, to wit, a cellphone assigned a

call number ending in -7814, in committing, causing, and facilitating the commission of any act

or acts constituting a felony, to wit, conspiracy to distribute and to possess with intent to

distribute controlled substances, in violation of 21 U.S.C. § 841, as charged in Count Six of this

Indictment and incorporated here.

21 U.S.C. § 843(b)

## COUNT EIGHT
**(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges that:

Between on or about November 21, 2024, and on or about March 10, 2025, in the

District of Maryland and elsewhere, the defendant,

### JONATHAN BONILLA FUENTES,

did knowingly combine, conspire, confederate and agree with others, known and unknown to the

Grand Jury, to distribute and possess with intent to distribute (a) a mixture and substance

containing a detectable amount of cocaine, a Schedule II controlled substance, and (b) a mixture

and substance containing a detectable N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]

propenamide, commonly known as fentanyl, a Schedule II controlled substance, in violation of

21 U.S.C. § 841(a)(1) and (b)(1)(C).

21 U.S.C. § 846

## COUNT NINE
**(Distribution of Controlled Substances)**

The Grand Jury for the District of Maryland further charges that:

On or about March 10, 2025, in the District of Maryland, the defendant,

**JONATHAN BONILLA FUENTES,**

did knowingly distribute a mixture and substance containing a detectable amount of cocaine, a

Schedule II controlled substance, and a mixture and substance containing a detectable amount of

N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a

Schedule II controlled substance.

21 U.S.C. §§ 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

**COUNT TEN**
**(Use of Any Communication Facility to Facilitate Drug Felony)**

The Grand Jury for the District of Maryland further charges that:

On or about March 10, 2025, in the District of Maryland and elsewhere, the defendant,

**JONATHAN BONILLA FUENTES,**

did knowingly and intentionally use any communication facility, to wit, a cellphone assigned a call number ending in -5890, in committing, causing, and facilitating the commission of any act or acts constituting a felony, to wit, distribution of controlled substances, in violation of 21 U.S.C. § 841, as charged in Count Nine of this Indictment and incorporated here.

21 U.S.C. § 843(b)

## COUNT ELEVEN
### (Firearms Trafficking Conspiracy)

The Grand Jury for the District of Maryland further charges that:

Between at least in or about March 2025 and in or about May 2025, in the

District of Maryland and elsewhere, the defendants,

**ISAIAH RICHARD SHARP,**
**INMAR HERNANDEZ CARCAMO,**
**YEFRY REYES LOPEZ,** and
**JONATHAN BONILLA FUENTES,**

did knowingly combine, conspire, confederate and agree with each other and others, known and

unknown to the Grand Jury, to: (1) ship, transport, transfer, cause to be transported, or otherwise

dispose of firearms to another person in or otherwise affecting interstate and foreign commerce,

knowing and having reasonable cause to believe that the use, carrying, and possession of a

firearm by the recipient would constitute a felony, to wit, a violation of Maryland Code Ann.,

Public Safety, §§ 5-117.1(c) & 5-144, in violation of 18 U.S.C. § 933(a)(1); and (2) receive from

another person any firearm in or otherwise affecting interstate or foreign commerce, knowing

and having reasonable cause to believe that such receipt would constitute a felony, to wit, a

violation of Maryland Code Ann., Public Safety, §§ 5-117.1(c) & 5-144, in violation of 18

U.S.C. § 933(a)(2).

18 U.S.C. § 933(a)(3)

## COUNT TWELVE
### (Firearms Trafficking)

The Grand Jury for the District of Maryland further charges that:

Between in or about April 1, 2025, and on or about April 29, 2025, in the District of Maryland and elsewhere, the defendant,

**ISAIAH RICHARD SHARP,**

did ship, transport, transfer, cause to be transported, or otherwise dispose of firearms—that is (1) a Taurus G2C pistol, 9mm, bearing serial number AEC165649; (2) a Ruger LCP pistol, .380 caliber, bearing serial number 379135494; and (3) a Ruger LCP pistol, .380 caliber, bearing serial number 371911832—to Inmar Hernandez Carcamo in or otherwise affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by Inmar Hernandez Carcamo would constitute a felony, to wit, a violation of Maryland Code Ann., Public Safety, §§ 5-117.1(c) & 5-144.

18 U.S.C. § 933(a)(1)

## COUNT THIRTEEN
### (Firearms Trafficking)

The Grand Jury for the District of Maryland further charges that:

Between at least on or about April 16, 2025, and on or about April 29, 2025, in the

District of Maryland and elsewhere, the defendant,

### INMAR HERNANDEZ CARCAMO,

did knowingly receive from another person any firearm in or otherwise affecting interstate or

foreign commerce, knowing and having reasonable cause to believe that such receipt would

constitute a felony, to wit, a violation of Maryland Code Ann., Public Safety, §§ 5-117.1(c) & 5-

144.

18 U.S.C. § 933(a)(2)

## COUNT FOURTEEN
**(Firearms Trafficking)**

The Grand Jury for the District of Maryland further charges that:

Between at least on or about April 16, 2025, and on or about April 29, 2025, in the

District of Maryland and elsewhere, the defendant,

## INMAR HERNANDEZ CARCAMO,

did knowingly ship, transport, transfer, cause to be transported, or otherwise dispose of firearms

to another person in or otherwise affecting interstate and foreign commerce, knowing and having

reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient

would constitute a felony, to wit, a violation of Maryland Code Ann., Public Safety, §§ 5-

117.1(c) & 5-144.

18 U.S.C. § 933(a)(1)

## COUNT FIFTEEN
**(Firearms Trafficking)**

The Grand Jury for the District of Maryland further charges that:

Between at least on or about April 25, 2025, and on or about April 29, 2025, in the

District of Maryland and elsewhere, the defendant,

**YEFRY REYES LOPEZ,**

did knowingly receive from another person any firearm in or otherwise affecting interstate or

foreign commerce, knowing and having reasonable cause to believe that such receipt would

constitute a felony, to wit, a violation of Maryland Code Ann., Public Safety, §§ 5-117.1(c) & 5-

144.

18 U.S.C. § 933(a)(2)

## COUNT SIXTEEN
**(Firearms Trafficking)**

The Grand Jury for the District of Maryland further charges that:

Between at least on or about April 25, 2025, and on or about April 29, 2025, in the

District of Maryland and elsewhere, the defendant,

**YEFRY REYES LOPEZ,**

did knowingly ship, transport, transfer, cause to be transported, or otherwise dispose of firearms

to another person in or otherwise affecting interstate and foreign commerce, knowing and having

reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient

would constitute a felony, to wit, a violation of Maryland Code Ann., Public Safety, §§ 5-

117.1(c) & 5-144.

18 U.S.C. § 933(a)(1)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), in the event of the defendants' convictions of the offense set forth in Counts One through Sixteen of this Indictment.

### Narcotics Forfeiture

2.      Upon conviction of the offenses set forth in Counts One through Ten of this Indictment, the defendants,

**JONATHAN BONILLA FUENTES,
ERICKSON ARMAS ESTRADA, and
JULIO CESAR PENA MARTINEZ,
a/k/a "BIG JULIO,"**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a): (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense; and (b) any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

### Firearms and Ammunition Forfeiture

3.      Upon conviction of the offenses set forth in Counts Eleven through Sixteen of this Indictment, and incorporated here, the defendants,

**ISAIAH RICHARD SHARP,
INMAR HERNANDEZ CARCAMO, and
YEFRY REYES LOPEZ,**

shall forfeit to the United States, pursuant to 18 U.S.C. §§ 924(d) and 934, and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offenses.

### Property Subject to Forfeiture

4.      The property subject to forfeiture shall include, but is not limited to:

      a.      One Taurus G2C pistol, 9mm, bearing serial number AEC165649; one Ruger LCP pistol, .380 caliber, bearing serial number 379135494; and one Ruger LCP pistol, .380 caliber, bearing serial number 371911832; and

      b.      a forfeiture money judgement representing the proceeds each defendant obtained as a result of their role in the offenses.

<u>**Substitute Assets**</u>

5.      If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the

property described herein pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C.

§ 2461(c).

18 U.S.C. § 924(d)
18 U.S.C. § 934
21 U.S.C. § 853
28 U.S.C. § 2461(c)

*Kelly O. Hayes / gB*

_____
Kelly O. Hayes
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: May 15, 2025